UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID ARAIZA | § | |
| | § | |
| VS. | § | C.A. ___5:19-cv-00462___ |
| | § | |
| BELLA MORENO and ALLMERICA | § | |
| FINANCIAL BENEFIT INSURANCE | § | |
| COMPANY incorrectly named as | § | |
| HANOVER TEXAS INSURANCE | § | Removed from 73rd District Court |
| MANAGEMENT COMPANY, INC. | § | of Bexar County, Texas |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant, Allmerica Financial Benefit Insurance Company, files this Notice of Removal and says:

**I.**
**REMOVAL UNDER 28 U.S.C. § 1446(B)**

1.     Plaintiff filed suit against Defendant Bella Moreno, on or about July 31, 2018. (Exhibit A).  The lawsuit was styled Cause No.  2018CI14072; *David Araiza vs. Bella Moreno* in the 73rd Judicial District Court of Bexar County, Texas.  Bella Moreno was non-suited from Plaintiff's lawsuit on or about April 2, 2019.  (Exhibit I).  Thereafter, on or about April 29, 2018, Plaintiff filed his Second Amended Petition, naming Allmerica Financial Benefit Insurance Company as a Defendant.  Defendant, Allmerica Financial Benefit Insurance Company, received copies of the original petition ("Complaint") on April 26, 2019, via e-mail through the undersigned.  A copy of the Second Amended Complaint is attached and incorporated by reference for the sole purpose of showing the basis for federal jurisdiction.  (Exhibit C).  This case is timely removed under 28 U.S.C. § 1446(b).

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP

2.      This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332. The case may be removed to this Court under 28 U.S.C. § 1441.  Plaintiff is a citizen of Texas, as shown in the Complaint.  Defendant Allmerica Financial Benefit Insurance Company is not a Texas citizen at the time of filing of the suit in state Court and at the time of removal.

3.      Allmerica Financial Benefit Insurance Company is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in Worcester, Massachusetts.  Consequently, there is complete diversity of citizenship of the parties.  (Exhibit 1, Affidavit of Anton Larkin).

4.      Defendant Allmerica Financial Benefit Insurance Company is the only remaining Defendant in this matter.  Defendant Bella Moreno was Non-Suited with Prejudice from this matter on or about April 2, 2019, before Allmerica Financial Benefit Insurance Company was named as a defendant in Plaintiff's lawsuit.  (Exhibit I; Exhibit L, Bexar County Clerk Case History).

## III.
## THE PRESENCE BELLA MORENO IN THE LAWSUIT DOES NOT PREVENT REMOVAL BECAUSE THE LOCAL DEFENDANT BELLA MORENO HAS NOT BEEN PROPERLY JOINED AND/OR THE SUIT HAS BECOME REMOVABLE AND/OR BELLA MORENO IS A NOMINAL DEFENDANT

5.      Plaintiff's lawsuit is removable from a diversity jurisdiction perspective on at least three grounds.  First, Bella Moreno is no longer a properly joined defendant as Plaintiff non-suited her with prejudice before filing suit against Allmerica Financial Benefit Insurance Company, but has not removed her as a named party from his Petition.  Additionally, Plaintiff's

Second Amended Petition is the "other paper" from which the Defendant could ascertain that the case was removal.  Finally, Bella Moreno is a nominal party.

### A. Bella Moreno is Not a Properly Joined Defendant

6.      Section 1441(b)(2) provides that an action otherwise removable solely on the basis of diversity of citizenship may not be removed if any party "properly joined" as a defendant is a citizen of the state in which the action is brought.  Bella Moreno is a citizen of Texas, the state where Plaintiff brought his action. However, Bella Moreno's citizenship does not prevent this action from being removed because Bella Moreno is not properly joined in this action.

7.      In determining whether a named defendant has been improperly joined the question is whether there is any possibility the plaintiff will be able to establish liability against that defendant. *See*, *e.g.*, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). Although the removing defendant has a heavy burden in proving improper joinder, and disputed issues of fact must be resolved in favor of the plaintiff, "[t]his does not mean that any mere theoretical possibility of recovery, no matter how remote or fanciful, prevents removal. To preclude a finding of fraudulent joinder, the basis for recovery must at least be arguably reasonable."   *Reese v. ICF Emergency Mgmt. Servs., Inc., L.L.C.*, 684 F. Supp. 2d 793, 798 n.8 (M.D. La. 2010) (internal citation omitted).

8.      A court may determine that the basis for the plaintiff's recovery against the defendant in question is not arguably reasonable under either of the following grounds:

1)      The plaintiff's complaint fails to state a claim under state law against the in-state defendant, based on a Rule 12(b)(6)-type analysis;

2)       If the plaintiff has sufficiently stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may pierce the pleadings and conduct a summary inquiry by examining outside evidence, including but not limited to affidavits.

*Reese*, 684 F. Supp. 2d at 798, *citing Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). In this action, there is no arguably reasonable basis for a recovery by Plaintiff against Bella Moreno under either of these grounds of inquiry. Bella Moreno was nonsuited with prejudice before this Defendant was either named in Plaintiff's lawsuit or served with Plaintiff's petition. Plaintiff's Second Amended Petition contains no allegation that Plaintiff may prosecute claims against a party that has been nonsuited from a lawsuit with prejudice. Additionally, Plaintiff omitted the fact that Bella Moreno has been dismissed from this lawsuit with prejudice when filing his Second Amended Petition. Consequently, Bella Moreno is not a properly joined party to this lawsuit.

> **B.     Plaintiff's Second Amended Petition is the "Other Paper" Establishing That the Lawsuit is Removable**

9.     If a lawsuit is not removable when it is filed but becomes removable later, the suit can be removed if the Defendant files the notice of removal within 30 days after the defendant's receipt, "through service or otherwise," of a copy of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case has become removable. 28 U.S.C. §1446(b)(3). *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir.2006). In the instant case, Defendant was served with Plaintiff's Second Amended Petition through its counsel on April 26, 2019. On April 30, 2019, Defendant reviewed the Bexar County website and determined that Bella Moreno had been non-suited with prejudice. (Exhibit L). In effect, Plaintiff's Second Amended Petition would be the first "other paper" that conceivably activate the time period for the discovery filing deadline. At the time of filing of Plaintiff's Second Amended Petition and at the time of filing of this Notice of Removal, the only Defendant in Plaintiff's lawsuit was Allmerica Financial Benefit Insurance Company, an entity that is diverse in citizenship from

Plaintiff. This notice was filed within 30 days after receipt of Plaintiff's Second Amended Petition.

### C.   Bella Moreno Is a Nominal Defendant

10.     A defendant can remove without the consent of a defendant who is merely a nominal party. *See Acosta v. Master Maint. & Constr. Inc.,* 452 F.3d 373, 379 (5th Cir. 2006). Whether a party is "nominal" for removal purposes depends on "whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006). When a plaintiff voluntarily dismisses a defendant from a lawsuit, this action enables the court to reach a final judgment "consistent with equity and good conscience" and is fair to said Plaintiff. *Id.* Consequently, Bella Moreno is a nominal defendant (*assuming arguendo* that she is to be considered a defendant at all as she has been dismissed from the lawsuit) and the citizenship of Bella Moreno should not be considered in relation to the removal of this action.

### III.
### AMOUNT-IN-CONTROVERSY

11.     The amount in controversy far exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Plaintiff's Second Amended Complaint states that "Plaintiff seeks monetary relief OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)." (Exhibit C, p. 6, ¶ 20). Consequently, removal is proper under 28 U.S.C. § 1446(b) which provides for removal within 30 days after receipt of a copy of the initial pleading setting forth the claim upon which the proceeding is based.

12.     Copies of all documents to be filed with the Notice of Removal are attached as Exhibit 2.

13.     Defendant has given written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).  (Exhibit N)

14.     A copy of this notice will be filed with the clerk of the state court as required by 28 U.S.C. § 1446(d).  (Exhibit M).

15.     Plaintiff requested a trial by jury in his Complaint.

## IV.
## VENUE

16.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending.

## PRAYER

WHEREFORE, Defendant requests that this action proceed in this Court as an action properly removed to it and any further relief to which this Defendant is entitled.

Respectfully submitted,

*/s/ Luis Rodriguez*
Luis Rodriguez
State Bar No.  24013416
Attorney-in-Charge for Defendant, Allmerica
Financial Benefit Insurance Company
P. O. Box 780
Corpus Christi, Texas  78403
Tel.:  (361) 888-8041  FAX:  (361) 888-8222
E-mail:  lrodirguez@cottenschmidt.com

OF COUNSEL:
COTTEN SCHMIDT LLP

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this motion upon each attorney of record and the original upon the Clerk of Court on this May 3 , 2019.

*Via FAX:  (361) 985-0601*
Thomas J. Henry
Charles J. Miller
e-mail:  cmiller-svc@thomasjhenrylaw.com
Thomas J. Henry Injury Attorneys
5710 Hausman, Suite 108
San Antonio, TX  78249

*/s/ Luis Rodriguez*
Luis Rodriguez